# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| RUTH SOONG, | ) |
|         Plaintiff, | ) |
| v. | ) Docket no. 2:18-cv-00297-GZS |
| BATH IRON WORKS, | ) |
|         Defendant. | ) |

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 24). For reasons briefly explained herein, the Court GRANTS the Motion.

**I.   LEGAL STANDARD**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a complaint states a plausible claim, we 'perform [a] two-step analysis.'" Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (alteration in original) (quoting Cardigan Mtn. School v. N.H. Ins. Co., 787 F.3d. 82, 84 (1st Cir. 2015)). First, "the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012).

Second, the court "must determine whether 'the factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 224 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Under Rule 12(b)(6), the Court assumes the truth of the facts contained in the pleadings and draws all reasonable inferences in the plaintiff's favor. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). In assessing whether a complaint adequately states a claim, the Court considers the "facts and documents that are part of or incorporated into the complaint." United Auto., Aerospace, Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 39 (1st Cir. 2011) (quotation marks omitted). When reviewing a pro se pleading, a somewhat "less stringent" standard applies and the Court may consider other filings by the pro se litigant in order to "understand the nature and basis of his claims." Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003) (internal citations omitted).

## II. RELEVANT FACTUAL BACKGROUND[1]

Plaintiff Ruth Soong ("Soong"), worked for Defendant Bath Iron Works ("BIW") for nearly eleven years. Soong was hired as a designer on January 8, 2007. She voluntarily resigned her position at BIW and took early retirement effective November 14, 2017.

For some period of time in 2017 prior to her resignation, Soong was on FMLA leave related to anxiety. She returned to work from this leave on August 2, 2017. She received "a warning for not finishing work on schedule" on August 10, 2017. (Am. Compl. ¶ 193.) Thereafter, she received "a good evaluation" on August 14, 2017. (Am. Compl. ¶ 194.) On November 7, 2017, Soong came to believe "her termination was imminent" based on feedback she received from two

---

[1] While the Court has reviewed and considered all of the allegations contained in Plaintiff's 47-page Amended Complaint (ECF No. 19), it limits this factual recitation to those facts relevant to the Court's analysis of the pending Motion.

BIW employees, Michelle Riley and Nick Carter. (Am. Compl. ¶ 80.) Thus, she made the decision to retire and avoid the risk "of losing all her entitlement for pension and retirement benefits" that could occur if she was terminated. (Am. Compl. ¶ 83.) Soong's last day of work was November 14, 2017. She asserts that she was "not accorded a standard conventional retirement" and was denied the opportunity to pack up her personal belongings upon her departure. (Am. Compl. ¶¶ 84-99.)

On April 18, 2018, Soong filed a charge of discrimination with the EEOC. She subsequently received a right-to-sue letter on May 10, 2018. This complaint was in fact the second time Soong had made a charge of discrimination against BIW before the EEOC. Soong first filed with the EEOC on July 27, 2015, while still actively employed by BIW. This first EEOC complaint was dismissed on August 15, 2016. (See Exs. A & B (ECF Nos. 24-1 & 24-2).)

Soong filed the present action pro se on August 3, 2018.

## III. DISCUSSION

The Court reads Plaintiff's Amended Complaint (ECF No. 19) as stating the following federal claims: (1) violation of the Family Medical Leave Act ("FMLA"), (2) Disability Discrimination in violation of Title VII & Section 1981, (3) Age Discrimination in violation of Title VII & Section 1981, (4) Race Discrimination in Violation of Title VII & Section 1981, and (5) Retaliation in violation of Title VII & Section 1981.[2] Plaintiff also appears to plead related

---

[2] To the extent Plaintiff's Amended Complaint can be read to state related state claims under the Maine Human Rights Act ("MHRA"), the Court need not engage in separate analysis of these federal and state claims. See, e.g., Roy v. Correction Care Solutions, LLC, 914 F.3d 52, 62 (1st Cir. 2019) ("A hostile work environment claim under the MHRA is concurrent with Title VII.") (internal citation and quotation omitted); Carnicella v. Mercy Hosp., 168 A.3d 768, 774 n.3 (Me. 2017) ("Because the MHRA generally tracks federal anti-discrimination statutes, it is appropriate to look to federal precedent for guidance in interpreting the MHRA.") (internal citation and quotation omitted).

state claims, including Conspiracy, Intentional Infliction of Emotional Distress, and Breach of Implied Covenant of Good Faith & Fair Dealing.

A. **Plaintiff 's Time-Barred Federal Claims**

"Title VII requires, as a predicate to a civil action, that the complainant first file an administrative charge with the EEOC within a specified and relatively short time period (usually 180 or 300 days) after the discrimination complained of, 42 U.S.C. § 2000e–5(e)(1), and that the lawsuit be brought within an even shorter period (90 days) after notice that the administrative charge is dismissed or after the agency instead issues a right-to-sue letter . . . ." Clockedile v. New Hampshire Dep't of Corr., 245 F.3d 1, 3 (1st Cir. 2001). Here, the federal statutes invoked by Plaintiff in support of her claims for discrimination and retaliation required her to file her administrative claim within 300 days. See, e.g., Burnett v. Ocean Properties, Ltd., 327 F. Supp. 3d 198, 231 (D. Me. 2018). Given this time limitation and Plaintiff's April 18, 2018 administrative filing, claims premised on incidents that occurred before June 22, 2017 are time barred.[3]

B. **Plaintiff Fails to State a Prima Facie Case of Discrimination & Retaliation**

Defendant argues that Plaintiff's discrimination and retaliation claims are subject to dismissal for failing to adequately plead multiple prima facie elements. Given the just-described time limit, the Court focuses on one element: a qualifying adverse action between June 22, 2017 and November 14, 2017.

"An 'adverse employment action' is one that affects employment or alters the conditions of the workplace. " Burns v. Johnson, 829 F.3d 1, 10 (1st Cir. 2016) (internal citations and quotations omitted). Reprimands are not adverse actions if they do not carry any "tangible consequences."

---

[3] Additionally, to the extent Plaintiff's Amended Complaint can be read to include claims based on acts or incidents covered by her July 27, 2015 EEOC complaint, these claims would alternatively be time barred based on Plaintiff's failure to file her complaint within the ninety-day period listed in the August 15, 2016 notice. See Def Ex. B (ECF No. 24-2), PageID # 184.

Bhatti v. Trustees. of Boston Univ., 659 F.3d 64, 73 (1st Cir. 2011); see Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 25 (1st Cir. 2002) ("extreme supervision," where supervisors watched the employee while she did her filing and stood behind her while she talked on the phone, did not constitute adverse action). Because of the objective nature of the adverse action inquiry, "[i]t is not enough that [the plaintiff] felt stigmatized and punished" by an employer's actions. Marrero, 304 F.3d at 25. In the absence of a "tangible change in duties or working conditions," expressions of "intensified personal animus, hostility, disrespect, and ostracism" against the employee do not necessarily amount to adverse action. Id. (quotation marks omitted).

Given these limitations, the only actionable adverse action that Soong asserts is her "forced" retirement on November 14, 2017. For this retirement to qualify, Plaintiff's Complaint must plausibly claim she was constructively discharged. "The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" Green v. Brennan, 136 S. Ct. 1769, 1776 (2016) (quoting Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004)). Whether the intolerable conditions are created through discriminatory action or a hostile work environment, the conditions must "become so onerous, abusive, or unpleasant that a reasonable person in the employee's position would have felt *compelled* to resign." Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 54 (1st Cir. 2000) ("The workplace is not a cocoon, and those who labor in it are expected to have reasonably thick skins—thick enough, at least, to survive the ordinary slings and arrows that workers routinely encounter in a hard, cold world.") This means that "[c]onstructive discharge usually refers to harassment so severe and oppressive that staying on the job while seeking redress—the rule save in exceptional cases—is intolerable." Lee-Crespo v. Schering-Plough Del

5

Caribe Inc., 354 F.3d 34, 45 (1st Cir. 2003) (quotation marks omitted). "The standard is an objective one; an employee's subjective perceptions do not govern." Lee-Crespo, 354 F.3d at 45.

Here, Plaintiff claims she returned to work on August 2, 2017 and retired as of November 14, 2017. While Plaintiff's Amended Complaint contains a detailed factual recitation, it quite simply does not allege working conditions in this applicable time frame that would compel a reasonable person to resign. As a result, the Court concludes that Plaintiff's Amended Complaint does not state plausible discrimination and retaliation claims.

### C. Plaintiff's Remaining State Law Claims

To the extent Plaintiff's Amended Complaint can be read to state additional state law claims, the Court declines to exercise supplemental jurisdiction over those claims in light of its dismissal of all of her federal claims. See, e.g., Gallagher v. Penobscot Cmty. Healthcare, No. 1:15-CV-244-DBH, 2016 WL 1032797, at *5 (D. Me. Mar. 15, 2016) (declining to exercise supplemental jurisdiction when "foundational federal claims are being dismissed at a very early stage of the litigation").

## IV. CONCLUSION

For the reasons just stated, the Court hereby GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 24). The Court DENIES Defendant's request for oral argument and DENIES AS MOOT Defendant's earlier Motion to Dismiss (ECF No. 16), which was filed prior to Plaintiff's Amended Complaint (ECF No. 19).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 15th day of May, 2019.